UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRIS ANN JAYE,

              Plaintiff,

-against-

KNUCKLES, KOMOSINSKI & MANFRO, LLP, *et al.*,

              Defendants.

21-CV-3435 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a resident of Clinton, New Jersey, brings this *pro se* action alleging that Defendants violated her rights under federal and New Jersey state law.[1] For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff filed this complaint regarding events and court proceedings that occurred in New Jersey. Plaintiff alleges that several Defendant law firms and a Defendant bank have offices in New

---

[1] Plaintiff paid the filing fees to bring this action and the Clerk of Court has issued summonses.

York, but the overwhelming majority of the 97 named Defendants appear to reside in New Jersey.[2] Because Plaintiff does not allege that all Defendants reside in New York, or that a substantial part of the events or omissions underlying her claim arose in this District, venue is not proper in this Court under § 1391(b).

Plaintiff's claims arose in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether summonses will be issued by the transferee court is left to discretion of the transferee court. The Clerk of Court is directed to terminate all pending motions. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2021
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge

---

[2] Plaintiff names as Defendants approximately 30 New Jersey state and county judges; 8 New Jersey District Court judges; New Jersey Governor Phil Murphy; New Jersey Attorney General Gurbir Grewal; employees of Union County, New Jersey, and Hunterdon County, New Jersey; and approximately a dozen private individuals residing in New Jersey.