UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHRIS ANN JAYE,

        Plaintiff,

   v.

KNUCKLES, KOMOSINSKI &
MANFRO, LLP, et al.,

        Defendants.

No. 1:21-cv-11546-NLH-AMD

**OPINION and ORDER**

---

**HILLMAN, District Judge**

    WHEREAS, on April 19, 2021, Plaintiff Chris Ann Jaye ("Plaintiff") filed the instant Complaint in the United States District Court for the Southern District of New York alleging civil rights violations, racketeering, malicious abuse of process, and fraudulent concealment against dozens of named Defendants, including numerous state and federal judges, (ECF 1); and

    WHEREAS, Chief Judge Laura Taylor Swain **sua sponte** transferred the action to the United States District Court for the District of New Jersey on May 5, 2021, (ECF 8); and

    WHEREAS, Plaintiff thereafter filed a challenge to Chief Judge Swain's transfer Order, (ECF 14), which this Court denied, (ECF 15); and

    WHEREAS, in an earlier case involving Plaintiff under Docket No. 1:17-cv-05257, Judge Robert B. Kugler found

Plaintiff's series of filings "to be vexatious and, indeed, repetitive," and provided Plaintiff twenty days to show cause why a pre-filing injunction should not be entered against her, (1:17-cv-05257, ECF 118 at 19-20; ECF 119); and

WHEREAS, Plaintiff thereafter responded with multiple filings, including a direct response to the Order to Show Cause, alleging that she could not be barred from further filings and stating that she did "not intend to comply with th[e] order as it is absolutely and completely illegal," (1:17-cv-05257, ECF 127); and

WHEREAS, in a May 18, 2018 opinion, Judge Kugler concluded that "Plaintiff's response to the Court's previous order to show cause has done nothing to allay the Court's concerns that she will persist in filing vexatious lawsuits," (1:17-cv-05257, ECF 131 at 3), and Judge Kugler entered an Order prohibiting Plaintiff, "when proceeding pro se, from filing any lawsuits against any of the Defendants or others not yet named relating to disputes concerning the payment of her condominium fees or foreclosure proceedings, or any perceived conspiracies emanating out of them," (1:17-cv-05257, ECF 132 at 1); and

WHEREAS, the All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. §

1651(a), and "[u]nder the All Writs Act, district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation," Parker v. Adm'r N.J. State Prison, 795 Fed. Appx. 862, 862 (3d Cir. 2020) (first citation omitted) (citing Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989)); and

WHEREAS, district courts (1) may only enter such injunctions in "exigent circumstances" such as when a litigant continues to file meritless or repetitive actions, (2) must give notice to the litigant to show cause why an injunction should not be issued, and (3) must tailor the scope of any injunction to fit the circumstances of the case at hand, Gupta v. Wipro Ltd., 765 Fed. Appx. 648, 651 (3d Cir. 2019) (per curiam); and

WHEREAS, exigent circumstances may be found when a litigant continuously seeks to reopen cases and assert invalid legal theories, see id., or repeats the same unsuccessful arguments numerous times, see Parker, 795 Fed. Appx. at 863; and

WHEREAS, a "district court must comply with certain procedural requirements before issuing this type of injunction against a pro se litigant," Telfair v. Off. of U.S. Att'y, 443 Fed. Appx. 674, 677 (3d Cir. 2011) (per curiam), including providing "notice to the litigant to show cause why the proposed injunctive relief should not issue," id. (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)); and

WHEREAS, an injunction is appropriately tailored when it prohibits a party from submitting further filings or instituting new actions against specific parties relating to specific topics without prior leave of the court, see Gupta, 765 Fed. Appx. at 652; and

WHEREAS, subsequent actions may be dismissed when they are found to be in violation of a pre-filing injunction, see In re Noble, 663 Fed. Appx. 188, 190-91 (3d Cir. 2016) (per curiam) (discussing a "hybrid" case in which some of the claims brought in the new complaint were subject to a filing injunction); and

WHEREAS, Plaintiff is proceeding pro se in the instant matter, (ECF 1 at p. 22); and

WHEREAS, the instant Complaint includes some of the same parties as the matter docketed under No. 1:17-cv-05257, references an allegedly improper foreclosure, (id. at ¶¶ 141, 146), generally alleges conspiracies perpetrated by Defendants against her, and concedes that "[t]he matter in controversy in this Complaint is not the subject matter in any other court with the exception of Docket . . . 17-5257 . . . ," (id. at p. 22); and

WHEREAS, on July 6, 2021, the Court entered an Order to Show Cause why justices, judges, and other court employees named as Defendants should not be dismissed pursuant to the doctrine of judicial immunity, (ECF 16); and

WHEREAS, after Plaintiff failed to respond to the Order to Show Cause, the Court entered an Order dismissing Defendant justices, judges, and court employees from this case, (ECF 17 at 7-8); and

WHEREAS, on September 29, 2021, the Court entered an Order to Show Cause providing Plaintiff twenty days to demonstrate why the Complaint should not be dismissed for violating Judge Kugler's pre-filing injunction, (ECF 18); and Plaintiff, to date, has not responded to the Court's Order to Show Cause; and

WHEREAS, it appears to the Court that the Complaint, on its face, is violative of Judge Kugler's pre-filing injunction and dismissal is warranted, see In re Noble, 663 Fed. Appx. at 190-91.

THEREFORE,

IT IS HEREBY on this  1st   day of  December  , 2022

ORDERED that all remaining claims in Plaintiff's Complaint, (ECF 1), be, and the same hereby are, DISMISSED; and it is further

ORDERED that the Clerk shall mark this matter as CLOSED; and it is further

ORDERED that the Clerk mail by regular mail a copy of this Order to Plaintiff at the address listed on the docket.

At Camden, New Jersey
s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.